758



# OFFICE OF THE ATTORNEY GENERAL OF TEXAS

## AUSTIN

GERALD C. MANN
ATTORNEY GENERAL

Travis Co

Honorable Max Starcke
General Manager
Lower Colorado River Authority
Austin, Texas

Dear Sir:

Opinion No. O-2971
Re: Authority of Board of Di-
rectors of Lower Colorado
River Authority to adopt
resolution announcing pol-
icy of Board with respect
to payment of prevailing
wages and recognition of
employees' right to organ-
ize and bargain collective-
ly.

Your letter of December 10 requests the opin-
ion of this department upon the authority of the Board of
Directors of the Lower Colorado River Authority to adopt
the following resolution:

"BE IT RESOLVED that the members of the
board of directors of the Lower Colorado River
Authority at this time reaffirm and make a part
of the records of the Authority, in this state-
ment of attitude and policy in regard to labor;
and

"BE IT FURTHER RESOLVED that this policy
is declared to be as follows:

"1. It shall at all times be the policy of
this body to pay prevailing wages.

"2. That the right of employee to organize
and bargain collectively through representatives
of their own choosing, as established by Federal
legislation, is recognized by this body, and all
employee of this Authority are assured of this
right.

NO COMMUNICATION IS TO BE CONSTRUED AS A DEPARTMENTAL OPINION UNLESS APPROVED BY THE ATTORNEY GENERAL OR FIRST ASSISTANT

Honorable Max Starcke, Page 2

"3. That the management of the Authority is hereby instructed by the directors to notify all employes that this right to collective bargaining is recognized."

The Act creating the Lower Colorado River Authority confers power upon the Board:

"(m) To appoint officers, agents and employees, to prescribe their duties and to fix their compensation:"

Item 1 of the Resolution does no more than declare the present policy of the Board with respect to the payment of wages. It merely embodies the attitude which the Board has adopted in respect to the matter of fixing the compensation to be paid employees of the Authority. This is clearly within the power of the Board under Section "m" above quoted.

Item 2 of the Resolution merely affirms that the present policy adopted by the Board is to recognize the right of its employees to organize and bargain collectively. No attempt is made to bind the Board, irrevocably, to a stated course of action calculated to destroy or impair the free exercise of the judgment and discretion of the Board in respect to the performance of its duties. (See our opinion No. O-2613)

You are advised that, in our opinion, the adoption of such Resolution is within the power of the Board.

Yours very truly

ATTORNEY GENERAL OF TEXAS

By

R. W. Fairchild
Assistant

RWF:LM

APPROVED DEC 18, 1940

ATTORNEY GENERAL OF TEXAS

